# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 24, 2007**

Charles R. Fulbruge III
Clerk

No. 06-40970
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MICAH SETH DRODDY,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CR-63-ALL

Before GARWOOD, WIENER and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Micah Seth Droddy appeals his conviction and sentence following his guilty plea to being a felon in possession of a firearm. His guilty plea reserved the right to appeal the denial of his motion to suppress. Droddy argues that the district court erred in denying his motion to suppress evidence seized during a search of his residence. Droddy asserts that the good-faith exception does not apply because the affidavit supporting the warrant was a "bare bones" affidavit

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and the warrant was so lacking in indicia of probable cause that no reasonable officer could rely on the warrant in good faith.

In reviewing the denial of a motion to suppress evidence obtained pursuant to a search warrant, this court determines: (1) whether the good-faith exception to th exclusionary rule applies; and (2) if not, whether probable cause supported the warrant. United States v. Cavazos, 288 F.3d 706, 709 (5th Cir. 2002).

The warrant affidavit stated that a confidential informant (known to the affiant, an experience officer, to be reliable and to have previously furnished affiant accurate information) had on the date of the affidavit (and warrant) reported to the affiant having seen Droddy in possession of methamphetamine in his (Droddy's) residence within the past seventy-two hours. The affidavit also stated that Droddy had sold methamphetamine to an undercover police officer within the past year, that he had been arrested for possession of marihuana in the past year, that he was a convicted felon with a history of family violence, and that a confidential informant had recently seen him in possession of several firearms. It further stated that several anonymous complaints had been received within the last few months regarding Droddy selling narcotics. Since the affidavit that provided the basis for the warrant included facts and circumstances that would allow a magistrate to independently determine probable cause, it was more than a "bare bones" affidavit, so the police had a good-faith basis for relying on the warrant when they conducted the search. See United States v. McKnight, 953 F.2d 898, 904-05 (5th Cir. 1992); United States v. Satterwhite, 980 F.2d 317, 320-23 (5th Cir. 1992). Therefore, the district court did not err in denying Droddy's motion to suppress.

Accordingly, the judgment of the district court is

AFFIRMED.